IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLIFTON JOHNSON, #331-538            *

          v.            *   CIVIL ACTION NO.  DKC-07-1374

RODERICK R. SOWERS, et al.,          *
                                *******

## **MEMORANDUM**

      Seeking $100,000 in compensatory and punitive damages, Plaintiff, presently incarcerated in the Roxbury Correctional Institution, filed suit against Warden Roderick R. Sowers and correctional employees Linda Cole and R. Dickons.  Plaintiff alleges that Defendants Cole and Dickons opened two certified letters outside his presence sent to him by Rita Brown and Kia Brown.  Plaintiff does not state what, if any, consequences he suffered as a result of the Defendants' conduct.  Rather, Plaintiff's chief concern appears to be the disregard of the applicable Division of Correction Policy and Procedure governing inmate mail. Paper No. 1.  Because he appears to be indigent, Plaintiff shall be granted leave to file *in forma pauperis*, without prepayment of filing fees or costs, pursuant to 28 U.S.C. § 1915(a).

      While the interference by prison officials with certain types of mail may state a constitutional claim, occasional incidents of delay or non-delivery of mail do not rise to a constitutional level.  *See Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990).  Absent any assertion by Plaintiff that he suffered an actual injury, his complaint simply does not state a claim upon which relief may be granted.[1]

      Moreover, Plaintiff's contention that Defendants violated prison procedural guidelines does

---

[1] Applicable prison regulations may have been violated when Plaintiff's mail was opened outside of his presence.  Such an issue must first be pursued through the institutional Administrative Remedy Process.  An action filed initially in this court is not a substitute for that process.

not state an independent federal claim. Under *Sandin v. Conner*, 515 U.S. 472, 478-87 (1995), a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance." Provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations searching for the grail of limited discretion.").

Under the provisions of 28 U.S.C. § 1915(e)(2), a case shall be dismissed at any time if the court determines that the allegation of poverty is untrue, the action or appeal is frivolous, malicious or fails to state a claim on which relief may be granted plaintiff seeks monetary relief against a defendant who is immune from such relief. This case, which does not state a clame on which relief may be granted, will be dismissed by separate order without requiring response from Defendants. Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to such dismissal. *See* 28 U.S.C. § 1915 (g).

A separate order shall be entered in accordance with this memorandum.

   June 13, 2007                                              /s/
(Date)                                                   DEBORAH K. CHASANOW
                                                          United States District Judge